1  LOWELL C. BROWN (SBN 108253)
   lowell.brown@afslaw.com
2  DIANE ROLDÁN (SBN 288224)
   diane.roldan@afslaw.com
3  **ARENTFOX SCHIFF LLP**
   555 West Fifth Street, 48th Floor
4  Los Angeles, CA  90013-1065
   Telephone:    213.629.7400
5  Facsimile:    213.629.7401

6  Attorneys for Defendant SAINT AGNES MEDICAL
   CENTER MEDICAL STAFF
7
   DANIEL HOROWITZ (SBN 92400)
8  horowitz@physiciandefense.lawyer
   **LAW OFFICE OF DANIEL HOROWITZ**
9  3650 Mt. Diablo Blvd., Ste. 225
   Lafayette, CA 94549
10 Telephone: (925) 283-1863

11 Attorneys for Plaintiff
   GAIL MALLARD-WARREN, M.D.
12
   [Additional Counsel Listed on Next Page]
13

14               UNITED STATES DISTRICT COURT

15        EASTERN DISTRICT OF CALIFORNIA - FRESNO DIVISION

16

17 GAIL MALLARD-WARREN, M.D.,              Case No. 1:21−CV−01530−JLT−BAM

18               Plaintiff,                **STIPULATED PROTECTIVE ORDER**

19        v.

20 SAINT AGNES MEDICAL CENTER, THE         Courtroom:  8
   MEDICAL STAFF OF SAINT AGNES            Trial Date: None Set
21 MEDICAL CENTER and TRINITY HEALTH       Date Action Filed:    10/15/21
   INC., NANCY HOLLINGSWORTH, and
22 DOES 1-100,

23               Defendants.

24

25

26

27

28

1   [Additional Counsel from Prior Page:]

2   CHARLES BOND (SBN 60611)
    cb@physiciansadvocates.com
3   **PHYSICIANS' ADVOCATES**
    2033 N. Main St., Ste. 340
4   Walnut Creek, Ca 94596
    Telephone: (510) 841-7500
5   cb@physiciansadvocates.com

6   KARINA JOHNSON (SBN 243099)
    kjohnsonlaw@outlook.com
7   **c/o PHYSICIANS ADVOCATES**
    2033 N. Main St., Ste. 340
8   Walnut Creek, Ca 94596
    Telephone: (510) 841-7500
9
    Attorneys for Plaintiff
10  GAIL MALLARD-WARREN, M.D.

11  WILLIAM C. HAHESY (SBN 105743)
    bill@hahesylaw.com
12  **LAW OFFICES OF WILLIAM C. HAHESY**
    5260 N. Palm Avenue, Suite 400
13  Fresno, CA  93704
    Telephone (559) 579-1230
14
    Attorney for Defendants SAINT AGNES MEDICAL CENTER, TRINITY HEALTH
15  CORPORATION, erroneously sued as TRINITY HEALTH INC., AND NANCY
    HOLLINGSWORTH
16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER

1        **IT IS HEREBY STIPULATED** by and between Plaintiff, GAIL MALLARD-

2   WARREN, M.D., by and through her attorneys, and Defendants SAINT AGNES MEDICAL

3   CENTER, THE MEDICAL STAFF OF SAINT AGNES MEDICAL CENTER, TRINITY

4   HEALTH CORPORATION, and NANCY HOLLINGSWORTH, by and through their attorneys,

5   that in order to facilitate the exchange of information and documents which may be subject to

6   confidentiality limitations on disclosure due to federal laws, state laws, and privacy rights

7   stipulate as follows:

8   1.        PURPOSES AND LIMITATIONS

9        Disclosure and discovery activity in this action are likely to involve production of

10  confidential, proprietary, or private information for which special protection from public

11  disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

12  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated

13  Protective Order. The parties acknowledge that this Order does not confer blanket protections on

14  all disclosures or responses to discovery and that the protection it affords from public disclosure

15  and use extends only to the limited information or items that are entitled to confidential treatment

16  under the applicable legal principles. The parties further acknowledge, as set forth in Section

17  12.3, below, that this Stipulated Protective Order does not entitle them to file confidential

18  information under seal;  Local Rule 141 sets forth the procedures that must be followed and the

19  standards that will be applied when a party seeks permission from the court to file material under

20  seal.

21  2.        DEFINITIONS

22       2.1      Challenging Party: a Party or Non-Party that challenges the designation of

23  information or items under this Order.

24       2.2      "CONFIDENTIAL" Information or Items: information (regardless of how it is

25  generated, stored or maintained) or tangible things that qualify for protection under Federal Rule

26  of Civil Procedure 26(c).

27       2.3      Counsel (without qualifier): Outside Counsel of Record and House Counsel (as

28  well as their support staff).

1

2.4    Designating Party: a Party or Non-Party that designates information or items that it

2

produces in disclosures or in responses to discovery as "CONFIDENTIAL."

3

2.5    Disclosure or Discovery Material: all items or information, regardless of the

4

medium or manner in which it is generated, stored, or maintained (including, among other things,

5

testimony, transcripts, and tangible things), that are produced or generated in disclosures or

6

responses to discovery in this matter.

7

2.6    Expert: a person with specialized knowledge or experience in a matter pertinent to

8

the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a

9

consultant in this action.

10

2.7    House Counsel: attorneys who are employees of a party to this action. House

11

Counsel does not include Outside Counsel of Record or any other outside counsel.

12

2.8    Non-Party: any natural person, partnership, corporation, association, or other legal

13

entity not named as a Party to this action.

14

2.9    Outside Counsel of Record: attorneys who are not employees of a party to this

15

action but are retained to represent or advise a party to this action and have appeared in this action

16

on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

17

2.10    Party: any party to this action, including all of its officers, directors, employees,

18

consultants, retained experts, and Outside Counsel of Record (and their support staffs).

19

2.11    Producing Party: a Party or Non-Party that produces Disclosure or Discovery

20

Material in this action.

21

2.12    Professional Vendors: persons or entities that provide litigation support services

22

(e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and

23

organizing, storing, or retrieving data in any form or medium) and their employees and

24

subcontractors.

25

2.13    Protected Material: any Disclosure or Discovery Material that is designated as

26

"CONFIDENTIAL."

27

2.14    Receiving Party: a Party that receives Disclosure or Discovery Material from a

28

Producing Party.

3.      SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.      DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.      DESIGNATING PROTECTED MATERIAL

5.1      Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material,

1  documents, items, or communications for which protection is not warranted are not swept

2  unjustifiably within the ambit of this Order.

3  　　　　Mass, indiscriminate, or routinized designations are prohibited. Designations that are

4  shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

5  unnecessarily encumber or retard the case development process or to impose unnecessary

6  expenses and burdens on other parties) expose the Designating Party to sanctions.

7  　　　　If it comes to a Designating Party's attention that information or items that it designated

8  for protection do not qualify for protection, that Designating Party must promptly notify all other

9  Parties that it is withdrawing the mistaken designation.

10  　　　　5.2　　Manner and Timing of Designations. Except as otherwise provided in this Order

11  (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

12  Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

13  designated before the material is disclosed or produced.

14  　　　　Designation in conformity with this Order requires:

15  　　　　　　(a)　　for information in documentary form (e.g., paper or electronic documents,

16  but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing

17  Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a

18  portion or portions of the material on a page qualifies for protection, the Producing Party also

19  must clearly identify the protected portion(s) (e.g., by making appropriate markings in the

20  margins).

21  　　　　A Party or Non-Party that makes original documents or materials available for inspection

22  need not designate them for protection until after the inspecting Party has indicated which

23  material it would like copied and produced. During the inspection and before the designation, all

24  of the material made available for inspection shall be deemed "CONFIDENTIAL." After the

25  inspecting Party has identified the documents it wants copied and produced, the Producing Party

26  must determine which documents, or portions thereof, qualify for protection under this Order.

27  Then, before producing the specified documents, the Producing Party must affix the

28  "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or

STIPULATED PROTECTIVE ORDER

1   portions of the material on a page qualifies for protection, the Producing Party also must clearly

2   identify the protected portion(s) (e.g., by making appropriate markings in the margins).

3           (b)     for testimony given in deposition or in other pretrial or trial proceedings,

4   that the Designating Party identify on the record, before the close of the deposition, hearing, or

5   other proceeding, all protected testimony.

6           (c)     for information produced in some form other than documentary and for any

7   other tangible items, that the Producing Party affix in a prominent place on the exterior of the

8   container or containers in which the information or item is stored the legend "CONFIDENTIAL."

9   If only a portion or portions of the information or item warrant protection, the Producing Party, to

10   the extent practicable, shall identify the protected portion(s).

11        5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to

12   designate qualified information or items does not, standing alone, waive the Designating Party's

13   right to secure protection under this Order for such material. Upon timely correction of a

14   designation, the Receiving Party must make reasonable efforts to assure that the material is

15   treated in accordance with the provisions of this Order.

16   6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

17        6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of

18   confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality

19   designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

20   burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to

21   challenge a confidentiality designation by electing not to mount a challenge promptly after the

22   original designation is disclosed.

23        6.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution

24   process by providing written notice of each designation it is challenging and describing the basis

25   for each challenge. To avoid ambiguity as to whether a challenge has been made, the written

26   notice must recite that the challenge to confidentiality is being made in accordance with this

27   specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in

28   good faith and must begin the process by conferring directly (in voice to voice dialogue; other

1    forms of communication are not sufficient) within 14 days of the date of service of notice. In

2    conferring, the Challenging Party must explain the basis for its belief that the confidentiality

3    designation was not proper and must give the Designating Party an opportunity to review the

4    designated material, to reconsider the circumstances, and, if no change in designation is offered,

5    to explain the basis for the chosen designation. A Challenging Party may proceed to the next

6    stage of the challenge process only if it has engaged in this meet and confer process first or

7    establishes that the Designating Party is unwilling to participate in the meet and confer process in

8    a timely manner.

9         6.3    Judicial Intervention. If the Parties cannot resolve a challenge without court

10   intervention, the Designating Party shall file and serve a motion to retain confidentiality under

11   applicable law  within 30 days of the initial notice of challenge or within 21 days of the parties

12   agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each

13   such motion must be accompanied by a competent declaration affirming that the movant has

14   complied with the meet and confer requirements imposed in the preceding paragraph. Failure by

15   the Designating Party to make such a motion including the required declaration within the

16   applicable time shall automatically waive the confidentiality designation for each challenged

17   designation. In addition, the Challenging Party may file a motion challenging a confidentiality

18   designation at any time if there is good cause for doing so, including a challenge to the

19   designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this

20   provision must be accompanied by a competent declaration affirming that the movant has

21   complied with the meet and confer requirements imposed by the preceding paragraph.

22        The burden of persuasion in any such challenge proceeding shall be on the Designating

23   Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose

24   unnecessary expenses and burdens on other parties) may expose the Challenging Party to

25   sanctions. Unless the Designating Party has waived the confidentiality designation by failing to

26   file a motion to retain confidentiality as described above, all parties shall continue to afford the

27   material in question the level of protection to which it is entitled under the Producing Party's

28   designation until the court rules on the challenge.

STIPULATED PROTECTIVE ORDER

7.        ACCESS TO AND USE OF PROTECTED MATERIAL

7.1        Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2        Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)        the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)        the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)        Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)        the court and its personnel;

(e)        court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)        during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

1  (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of

2  transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be

3  separately bound by the court reporter and may not be disclosed to anyone except as permitted

4  under this Stipulated Protective Order.

5         (g)  the author or recipient of a document containing the information or a

6  custodian or other person who otherwise possessed or knew the information.

7  8.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER

8        LITIGATION

9       If a Party is served with a subpoena or a court order issued in other litigation that compels

10  disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party

11  must:

12         (a)  promptly notify in writing the Designating Party. Such notification shall

13  include a copy of the subpoena or court order;

14         (b)  promptly notify in writing the party who caused the subpoena or order to

15  issue in the other litigation that some or all of the material covered by the subpoena or order is

16  subject to this Protective Order. Such notification shall include a copy of this Stipulated

17  Protective Order; and

18         (c)  cooperate with respect to all reasonable procedures sought to be pursued by

19  the Designating Party whose Protected Material may be affected.

20       If the Designating Party timely seeks a protective order, the Party served with the

21  subpoena or court order shall not produce any information designated in this action as

22  "CONFIDENTIAL" before a determination by the court from which the subpoena or order

23  issued, unless the Party has obtained the Designating Party's permission. The Designating Party

24  shall bear the burden and expense of seeking protection in that court of its confidential material –

25  and nothing in these provisions should be construed as authorizing or encouraging a Receiving

26  Party in this action to disobey a lawful directive from another court.

27  / /

28

1    9.       A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS

2            LITIGATION

3                    (a)     The terms of this Order are applicable to information produced by a Non-

4    Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-

5    Parties in connection with this litigation is protected by the remedies and relief provided by this

6    Order.

7    Nothing in these provisions should be construed as prohibiting a Non-Party from seeking

8    additional protections.

9                    (b)     In the event that a Party is required, by a valid discovery request, to

10   produce a Non-Party's confidential information in its possession, and the Party is subject to an

11   agreement with the Non-Party not to produce the Non-Party's confidential information, then the

12   Party shall:

13                   (1)     promptly notify in writing the Requesting Party and the Non-Party

14   that some or all of the information requested is subject to a confidentiality agreement with a Non-

15   Party;

16                   (2)     promptly provide the Non-Party with a copy of the Stipulated

17   Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific

18   description of the information requested; and

19                   (3)     make the information requested available for inspection by the

20   Non-Party.

21                   (c)     If the Non-Party fails to object or seek a protective order from this court

22   within 14 days of receiving the notice and accompanying information, the Receiving Party may

23   produce the Non-Party's confidential information responsive to the discovery request. If the Non-

24   Party timely seeks a protective order, the Receiving Party shall not produce any information in its

25   possession or control that is subject to the confidentiality agreement with the Non-Party before a

26   determination by the court. Absent a court order to the contrary, the Non-Party shall bear the

27   burden and expense of seeking protection in this court of its Protected Material.

28   / /

10.	UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.	INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED
	MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12.	MISCELLANEOUS

12.1	Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2	Right to Assert Other Objections or Retention of Rights. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground, including on any ground addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order. Nothing in this stipulation prevents a Party from seeking to limit production and disclosure to attorneys' eyes only.

1         12.3    <u>Filing Protected Material</u>. Without written permission from the Designating Party

2    or a court order secured after appropriate notice to all interested persons, a Party may not file in

3    the public record in this action any Protected Material. A Party that seeks to file under seal any

4    Protected Material must comply with  Local Rule 141. Protected Material may only be filed under

5    seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.

6    13.    <u>FINAL DISPOSITION</u>

7         Within 60 days after the final disposition of this action, as defined in paragraph 4, each

8    Receiving Party must return all Protected Material to the Producing Party or destroy such

9    material. As used in this subdivision, "all Protected Material" includes all copies, abstracts,

10   compilations, summaries, and any other format reproducing or capturing any of the Protected

11   Material. Whether the Protected Material is returned or destroyed, the Receiving Party must

12   submit a written certification to the Producing Party (and, if not the same person or entity, to the

13   Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all

14   the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has

15   not retained any copies, abstracts, compilations, summaries or any other format reproducing or

16   capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to

17   retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,

18   legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work

19   product, and consultant and expert work product, even if such materials contain Protected

20   Material. Any such archival copies that contain or constitute Protected Material remain subject to

21   this Protective Order as set forth in Section 4 (DURATION).

22

23                        [SIGNATURES ON FOLLOWING PAGE]

24

25

26

27

28

STIPULATED PROTECTIVE ORDER

1

Dated: May 24, 2022                                           **LAW OFFICES OF DANIEL HOROWITZ**

2

3
                                                              By:/s/ DANIEL HOROWITZ*
4                                                                  DANIEL HOROWITZ
                                                                   Attorneys for Plaintiff
5

6   Dated:  May 24, 2022                                      **LAW OFFICES OF WILLIAM C.**
                                                              **HAHESY**
7

8
                                                              By:/s/ WILLIAM C. HAHESY*
9                                                                  WILLIAM C. HAHESY
                                                                   Attorney for Defendants Saint Agnes
10                                                                 Medical Center, Trinity Health
                                                                   Corporation, and Nancy Hollingsworth
11

12
    Dated:  May 24, 2022                                      **ARENTFOX SCHIFF LLP**
13

14
                                                              By:/s/ DIANE ROLDÁN
15                                                                 DIANE ROLDÁN
                                                                   Attorneys for Defendant the Medical Staff
16                                                                 of Saint Agnes Medical Center

17
    *As approved May 24, 2022
18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER

1

2

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3   I, _____ [print or type full name], of _____ [print or

4   type full address], declare under penalty of perjury that I have read in its entirety and understand

5   the Stipulated Protective Order that was issued by the United States District Court for the Eastern

6   District of California on [date] in the case of _____ [insert formal name of the case and the

7   number and initials assigned to it by the court]. I agree to comply with and to be bound by all the

8   terms of this Stipulated Protective Order and I understand and acknowledge that failure to so

9   comply could expose me to sanctions and punishment in the nature of contempt. I solemnly

10   promise that I will not disclose in any manner any information or item that is subject to this

11   Stipulated Protective Order to any person or entity except in strict compliance with the provisions

12   of this Order.

13   I further agree to submit to the jurisdiction of the United States District Court for the Eastern

14   District of California for the purpose of enforcing the terms of this Stipulated Protective Order,

15   even if such enforcement proceedings occur after termination of this action.

16   I hereby appoint _____ [print or type full name] of

17   _____ [print or type full address and telephone number] as my

18   California agent for service of process in connection with this action or any proceedings related to

19   enforcement of this Stipulated Protective Order.

20

21   Date: _____

22   City and State where sworn and signed: _____

23

24   Printed name: _____

25

26   Signature: _____

27

28

- 15 -
STIPULATED PROTECTIVE ORDER

1

## ORDER

2     Based on the above stipulation and finding good cause, the Court adopts the stipulated

3 protective order.  The parties are advised that pursuant to the Local Rules of the United States

4 District Court, Eastern District of California, any documents subject to the protective order to be

5 filed under seal must be accompanied by a written request which complies with Local Rule 141

6 prior to sealing. The party making a request to file documents under seal shall be required to

7 show good cause for documents attached to a non-dispositive motion or compelling reasons for

8 documents attached to a dispositive motion. *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665,

9 677-78 (9th Cir. 2009).  Within five (5) days of any approved document filed under seal, the party

10 shall file a redacted copy of the sealed document. The redactions shall be narrowly tailored to

11 protect only the information that is confidential or was deemed confidential.

12     Additionally, the parties shall consider resolving any dispute arising under the protective

13 order according to the Court's informal discovery dispute procedure.

14

15 IT IS SO ORDERED.

16     Dated:   **May 27, 2022**         /s/ *Barbara A. McAuliffe*         _

17                                    UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28

- 16 -
STIPULATED PROTECTIVE ORDER